UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TANYA BEAULIEU and JOSEPH BEAULIEU, )
p.p.a. BRADY BEAULIEU, a minor )
    *Plaintiffs* )
)
VS. ) C.A. NO.
)
MICHELLE HUGHES, M.D. and ) MAGISTRATE JUDGE
SOUTHCOAST HOSPITALS GROUP- )
CHARLTON MEMORIAL HOSPITAL, )
    *Defendants* )
)

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

### COMPLAINT AND JURY CLAIM

Now come the Plaintiffs and allege and state the following cause of action:

### JURISDICTION

1. That the Plaintiffs, Tanya Beaulieu and Joseph Beaulieu, as natural parents of Brady Beaulieu, are citizens of the State of Rhode Island, residing at 71 Blueberry Lane, Tiverton, Rhode Island.

2. That the Plaintiff, Tanya Beaulieu, is a citizen of the State of Rhode Island, residing at 71 Blueberry Lane, Tiverton, Rhode Island.

3. That the Plaintiff, Joseph Beaulieu, is a citizen of the State of Rhode Island, residing at 71 Blueberry Lane, Tiverton, Rhode Island.

4. That the Defendant, Michelle Hughes, M.D., (hereinafter referred to as "Hughes") is, upon information and belief, a resident of the Commonwealth of Massachusetts and is licensed to practice medicine therein. Defendant Hughes has, at all times relevant hereto, held herself out to be a specialist in the field of obstetrics and gynecology.

5. That the Defendant, Southcoast Hospitals Group, Charlton Memorial Hospital, is a hospital operating under the rules and regulations of the Commonwealth of Massachusetts located at 363 Highland Avenue, Fall River, Massachusetts.

6. That the jurisdiction of this court is based on diversity of the parties. The amount in controversy is in excess of Seventy-Five Thousand Dollars $75,000.00.

## FACTS

7. That the Plaintiff Tanya Beaulieu d/o/b 11/01/72, age 31, first consulted the Defendant Hughes on October 7, 2002 regarding the birth of her child Brady Beaulieu, with whom she was approximately 28 weeks pregnant.

8. The Plaintiff consulted with the Defendant Hughes throughout the remainder of her pregnancy and continually informed the Defendant Hughes about her reservations of delivering the baby vaginally due to her previous two hip surgeries and severe lower back pain.

9. On December 13, 2002, the Plaintiff, weighing approximately 307 pounds and considered to be medically obese, met with the Defendant Hughes as she was experiencing extreme discomfort and pain. At this time, Defendant Hughes decided to induce labor the next morning at Charlton Memorial Hospital. Tanya Beaulieu was approximately 38 weeks pregnant with her unborn child with a due date of December 25, 2002.

10. As planned on December 14, 2002 at approximately 7:12 a.m., Tanya Beaulieu was admitted to Charlton Memorial Hospital for induction of labor. Oxytocin was administered.

11. That at approximately 9:40 a.m, 12 hours prior to delivery, Plaintiff Tanya Beaulieu's membranes ruptured.

12. At approximately 5:47 p.m., the Plaintiff was fully dilated and began the second stage of labor. The Defendant labor room nurses advised the plaintiff to push for delivery.

13. That over the next four hours of labor, the Plaintiff failed to progress toward delivery.

14. At approximately 9:44 p.m, the head was crowning however, a known shoulder dystocia was detected. The labor room nurses applied fundel pressure while Defendant Hughes pulled the baby out.

15. At approximately 9:49 p.m, Brady Beaulieu was born in respiratory arrest with a heart rate of 60, he was blue with a sluggish flow.

16. That the baby was intubated and bagged for 20-30 seconds without improvement and heart rate and was then given cardiac massage.

17. That Brady Beaulieu sustained severe injuries to his left shoulder resulting in Erbs Palsy and has underwent two years of physical therapy and had total shoulder reconstructive surgery on October 5, 2004 at Children's Hospital Boston.

## COUNT I

18. The Plaintiffs hereby incorporate paragraphs 1 through 17 of its entirety as if fully set forth herein.

19. That on or about December 14, 2002, and thereafter, the Defendant Hughes, undertook for valuable consideration, to treat and care for minor Plaintiff, Brady Beaulieu, an unborn fetus.

20. That it became the duty of the Defendant Hughes, to exercise that degree of skill and diligence required by the average physician engaged in the practice of medicine and specializing in obstetrics and gynecology.

21. That the Defendant Hughes' negligence consisted of the following:

A. Failure to use proper maneuvers in relieving the shoulder dystocia;

   1. That when the shoulder dystocia became apparent, Defendant Hughes attempted to delivery the baby by exerting excessive lateral and/or torsal traction on the baby's head and neck.

   2. That the Defendant Hughes further failed to perform certain maneuvers as required by the standard of care that would resolve the shoulder dystocia without injury to the infant.

   3. That Defendant Hughes and the nursing staff deviated from the standard of care by using excessive force and fundel pressure in the vaginal delivery.

B. Failure to perform caesarian section;

   1. That the Plaintiff Tanya Beaulieu was a high risk for shoulder dystocia being morbidly obese with her failure to progress in the second stage of labor for over 4 hours.

   2. That at the time Defendant Hughes knew or should have known of the high risk of shoulder dystocia and performed a caesarian section.

   3. That the Defendant Hughes nevertheless failed to exercise that degree of care and that she so negligently failed to perform a caesarian section knowing the risk of shoulder dystocia.

22. That as a direct and proximate result of the negligence of the Defendant, Hughes, Plaintiff Brady Beaulieu was caused to suffer serious physical pain and suffering, permanent deformity and medical expenses.

WHEREFORE, Plaintiffs demand judgment the following:

1. Judgement against the Defendant, Michelle Hughes, M.D.;

2. For damages in an amount this Court deems meet and just;

3. Such other damages as this Court deems meet and just; and

4. Trial by jury.

## COUNT II

23. The Plaintiffs hereby incorporate paragraphs 1 through 22 in their entirety as if fully set forth herein.

24. That the Defendant Southcoast Hospital Groups - Charlton Memorial Hospital, its employees, agents and/or servants, deviated from the standard care by using excessive force and fundel pressure in the delivery of Plaintiff, Brady Beaulieu

25. That the Defendant Southcoast Hospital Groups - Charlton Memorial Hospital, its employees, agents and/or servants failed to properly manage, control, evaluate, monitor and supervise the medical care and attention of the fetus, and said care was below the accepted standards of care as required by under the rules and regulations of Southcoast Hospital Groups - Charlton Memorial Hospital and laws of the Commonwealth of Massachusetts.

26. That as a direct and proximate result of the negligence of the Defendant, Southcoast Hospital Groups - Charlton Memorial Hospital, Plaintiff Brady Beaulieu was caused to suffer serious physical pain and suffering, permanent deformity and medical expenses.

WHEREFORE, Plaintiffs demand the following:

1. Judgement against the Defendant, Southcoast Hospital Groups - Charlton Memorial Hospital;

2. For damages in an amount this Court deems meet and just;

3. Such other damages as this Court deems meet and just; and

4. Trial by jury.

## COUNT III

27. Plaintiffs incorporate by reference all matters alleged in paragraphs 1 through 26, as if fully set forth herein.

28. As a further result of the plaintiff, Brady Beaulieu's injuries, the plaintiff, Tanya Beaulieu, was caused to suffer the loss of companionship, comfort love and affection of the minor child, Brady Beaulieu.

    WHEREFORE, Plaintiffs demand the following:

    1. Judgement against the Defendant, Michelle Hughes, M.D.;

    2. For damages in an amount this Court deems meet and just;

    3. Such other damages as this Court deems meet and just; and

    4. Trial by jury.

## COUNT IV

29. Plaintiffs incorporate by reference all matters alleged in paragraphs 1 through 28, as if fully set forth herein.

30. As a further result of the plaintiff, Brady Beaulieu's injuries, the plaintiff, Joseph Beaulieu, was caused to suffer the loss of companionship, comfort love and affection of the minor child, Brady Beaulieu.

    WHEREFORE, Plaintiffs demand the following:

    1. Judgement against the Defendant, Michelle Hughes, M.D.;

    2. For damages in an amount this Court deems meet and just;

    3. Such other damages as this Court deems meet and just; and

    4. Trial by jury.

## COUNT V

31. Plaintiffs incorporate by reference all matters alleged in paragraphs 1 through 30, as if fully set forth herein.

32. As a further result of the plaintiff, Brady Beaulieu's injuries, the plaintiff, Tanya Beaulieu, was caused to suffer the loss of companionship, comfort love and affection of the minor child, Brady Beaulieu.

WHEREFORE, Plaintiffs demand the following:

1. Judgement against the Defendant, Southcoast Hospital Groups - Charlton Memorial Hospital;

2. For damages in an amount this Court deems meet and just;

3. Such other damages as this Court deems meet and just; and

4. Trial by jury.

## COUNT VI

33. Plaintiffs incorporate by reference all matters alleged in paragraphs 1 through 32, as if fully set forth herein.

34. As a further result of the plaintiff, Brady Beaulieu's injuries, the plaintiff, Tanya Beaulieu, was caused to suffer the loss of companionship, comfort love and affection of the minor child, Brady Beaulieu.

WHEREFORE, Plaintiffs demand the following:

1. Judgement against the Defendant, Southcoast Hospital Groups - Charlton Memorial Hospital;

2. For damages in an amount this Court deems meet and just;

3. Such other damages as this Court deems meet and just; and

4. Trial by jury.

**PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL COUNTS.**

                                  Plaintiffs,
                                  By their Attorneys,
                                  BRIAN CUNHA & ASSOCIATES, P.C.

                                  _____
                                  Karen A. Alegria, Esquire, BBO# 563993
                                  311 Pine Street
                                  Fall River, MA  02720
                                  Tel: (508) 675-9500
                                  Fax: (508) 679-6360

Dated: _April 25, 2005_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Tanya Beaulieu vs Michelle Hughes__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☒  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO ☒

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐     Central Division ☐     Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☒     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Karen A. Alegria, Esq.__
ADDRESS __311 Pine Street, Fall River, MA 02720__
TELEPHONE NO. __(508) 675-9500__

(CategoryForm.wpd - 2/15/05)

The JS-44 civil cover sheet and the information contained herein ... r replace nor supplement the filing and service of pleadings or o ...pers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Cl... f Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Tanya Beaulieu and Joseph Beaulieu, p.p.a. Brady Beaulieu, a minor

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Newport
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Michelle Hughes, M.D. and Southcoast Hospital Charlton Memorial Hospital

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Karen A. Alegria, Esq., Brian Cunha & Assoc.
311 Pine Street, Fall River, MA 02720
(508) 675-9500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Jurisdiction of this Court is based on diversity of the parties. The amount in controversy in excess of $75,000.00.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other / ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
$5,053,795.32

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  4/25/05
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT