UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10878MLW

---

TANYA BEAULIEU and JOSEPH BEAULIEU
PPA BRADY BEAULIEU, a minor
    Plaintiffs

v.

MICHELLE HUGHES, M.D. and
SOUTHCOAST HOSPITALS GROUP –
CHARLTON MEMORIAL HOSPITAL
    Defendants

---

MEMORANDUM OF LAW IN SUPPORT OF
HOSPITAL-DEFENDANT'S MOTION TO DISMISS
UNDER RULES 12(b)(1) and 12(b)(2)
**DEFENDANT'S REQUEST FOR HEARING**

Factual Allegations

Plaintiffs filed this civil action on April 27, 2005. Plaintiffs allege that the Defendant Michelle Hughes, M.D., was negligent in the care and treatment rendered during the labor with, and the delivery of, the minor Brady Beaulieu and that the child was injured thereby. Plaintiffs' Complaint, ¶¶ 7 – 17, Count I. Count II of said Complaint alleges that the Defendant Southcoast Hospitals

Beaulieu et al. v. Southcoast Hospitals Group, et al.                                         2
Defendant Hospital's Memorandum in Support of
Motion to Dismiss, Rules 12(b)(1) and 12(b)(2)

Group[1], by its agents, servants and employees, also was negligent. <u>Plaintiffs' Complaint, Count II</u>.

Plaintiffs contend that jurisdiction lies in this Court "based on diversity of the parties" and an "amount in controversy in excess of Seventy-Five Thousand Dollars". <u>Plaintiffs' Complaint, ¶6</u>. Plaintiffs contend that Plaintiffs are residents of Rhode Island, that the Defendant Hospital is a Massachusetts entity, and that the Defendant Michelle Hughes, M.D. "is, upon information and belief, a resident of the Commonwealth of Massachusetts." <u>Plaintiffs' Complaint, ¶¶ 1 – 5</u>.

The Defendant Southcoast Hospitals Groups has brought a motion to dismiss under Rules 12(b)(1) and 12(b)(2), Mass. R Civ. P. As is established by the Affidavit of Stephen Pires, R.N., Risk Manager, the Defendant Hughes is in fact a citizen of Rhode Island. <u>Affidavit of Stephen Pires, R.N., B.S.N., Risk Manager, Southcoast Hospitals Group.</u>

## Issue Presented

Should Plaintiffs' Complaint be dismissed for lack of jurisdiction over the subject mater of Plaintiffs' Complaint?

Should Plaintiffs' Complaint be dismissed for lack of jurisdiction over the Defendants?

---

[1] There is a misnomer of the Defendant Hospital, which properly is Southcoast Hospitals Group, not Southcoast Hospitals Group-Charlton Memorial Hospital.

Beaulieu et al. v. Southcoast Hospitals Group, et al.  3
Defendant Hospital's Memorandum in Support of
Motion to Dismiss, Rules 12(b)(1) and 12(b)(2)

## Argument

Plaintiffs' sole basis for invoking the jurisdiction of this Court is diversity jurisdiction under 28 U.S.C. §1332. "For purposes of diversity jurisdiction, citizenship is synonymous with domicile." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

"When a plaintiff sues more than one defendant in a diversity jurisdiction action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *Newman-Green, Inc., v. Alfonzo-Larrain et al.*, 490 U.S. 826, 929 (1989), citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806). See also *Caterpillar, Inc., v. Lewis*, 519 U.S. 61, 67-68 (1990).

In the case at bar, Plaintiffs claim residence in Rhode Island. Where the Defendant Hughes in fact resides and is domiciled in Rhode Island, diversity jurisdiction does not lie.

## Conclusion

The Defendant Southcoast Hospitals Group respectfully submits that, for the aforesaid reasons, Plaintiffs' Complaint must be dismissed.

> Respectfully submitted,
> Defendant Southcoast Hospitals Group –
> Charlton Memorial Hospital,
> Properly Southcoast Hospitals Group,
> By counsel,

Beaulieu et al. v. Southcoast Hospitals Group, et al.                                    4
Defendant Hospital's Memorandum in Support of
Motion to Dismiss, Rules 12(b)(1) and 12(b)(2)

                                                  Joan Eldridge
                                                  B.B.O. #152720
                                                  Foster & Eldridge, LLP
                                                  One Canal Park, Suite 2100
                                                  Cambridge, MA 02141
                                                  Tele: 617 252 3366

Dated: 6/16/05

### CERTIFICATE OF COMPLIANCE

    I, Joan Eldridge, certify that I have discussed this motion to dismiss with Karen Allegra, attorney for plaintiffs, prior to filing this Motion and that we were unable to resolve this Motion as plaintiffs' counsel wishes further time to investigate the jurisdictional issue.

    Signed under the pains and penalties of perjury.

                                                  Joan Eldridge, Esquire
                                                  B.B.O. # 152720
                                                  Foster & Eldridge, LLP
                                                  One Canal Park, Suite 2100
                                                  Cambridge, MA 02141
                                                  Tele: 617-252-3366

Date: 6/16/05

### CERTIFICATE OF SERVICE

    I, Joan Eldridge, hereby certify that on this date I served the enclosed Memorandum of Law in Support of Hospital-Defendant's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(2); Defendant's Request for Hearing on:

                      Karen Allegra, Esquire
                      Brian Cunha & Associates
                      311 Pine Street
                      Fall River, MA 02720

By mailing a copy of the same, first-class postage prepaid, to the above.

    Signed under the pains and penalties of perjury.

                                                  Joan Eldridge, Esquire
                                                  B.B.O. # 152720
                                                  Foster & Eldridge, LLP
                                                  One Canal Park, Suite 2100
                                                  Cambridge, MA 02141
                                                  Tele: 617-252-3366

Date: 6/16/05